## Fidelity America Financial Corp. v. Bailey

*Roderick D. Mathewson*, for plaintiff.
*William E. Mowatt*, for defendant.

WRIGHT, *J.*, July 3, 1975—This matter comes before this court in somewhat of a unique procedural setting. On February 24, 1972, plaintiff, Fidelity America Financial Corporation (hereinafter "Fidelity"), filed a complaint in assumpsit against defendants, John P. Bailey and Marian M. Bailey, husband and wife (hereinafter "Bailey"). On April 14, 1972, Bailey filed preliminary objections to the complaint. On April 27, 1972, an amended complaint was filed. On May 17, 1972, Bailey again filed preliminary objections to Fidelity's amended complaint. On May 18, 1973, a stipulation was approved by this court, per deFuria, *J.*, that allowed the withdrawal of Bailey's preliminary objections, with Bailey being required to file an answer within 20 days. No answer was filed and an order for judgment was entered on November 19, 1973. On December 4, 1973, Bailey filed a petition to stay sheriff's sale, vacate writ of execution and open or strike judgment, with rule returnable on December 14, 1973. On December 13, 1973, Fidelity filed its answer to the petition of Bailey. The petition of Bailey, as filed on December 4, 1973, had attached thereto, as Exhibit "E," an *answer* to Fidelity's complaint containing new matter. It was properly signed by Bailey and their counsel of record and duly notarized.

On November 6, 1974, this court, per Catania, *J.*, entered the following order:

"AND NOW, this 6th day of November, 1974, the Defendants' Petition to Strike Judgment, Stay Sheriff's Sale and Vacate Writ of Execution be and the same is hereby granted. Defendants may plead over to Plaintiff's Complaint within twenty days of this Order.

BY THE COURT:
/S/ *Francis J. Catania*
*J.*"

Thereafter, on December 23, 1974, Fidelity filed an "order" requesting the prothonotary to enter judgment in favor of Fidelity and against Bailey, in the amount of $26,283.46. On January 13, 1975, Fidelity filed a praecipe for writ of execution. On February 13, 1975, Bailey filed a petition to strike judgment, stay sheriff's sale and vacate writ of execution. On February 25, 1975, Fidelity filed its answer to the petition of Bailey.

Bailey avers that, by attaching their answer and new matter to their petition to stay sheriff's sale (filed on December 4, 1973), they did, in effect, comply with the court's order. In support of their argument they cite Local Rule 653 of our court, which provides as follows:

"Any petition to open a judgment entered for want of an appropriate pleading *shall be accompanied by the duly executed pleading desired to be filed*, a copy of which shall be attached to the petition." (Emphasis added.)

This court, by its order of November 6, 1974, has determined that Bailey had the right to file an answer to the complaint. Certainly we expect litigants to follow the orders of the court. Where a litigant fails to follow the order of the court, he should not be

permitted to gain from such failure. However, the prime purpose of this court is to dispense justice.

The proposed answer in this case is in the record papers, as noted above, attached to the petition to strike judgment, and this court has concluded that the allegations therein, if sustained by appropriate proof, could be a defense to Fidelity's claim. True, the docket entries do not reveal that an answer has been filed. It is also true that Bailey did not comply with this court's order of November 6, 1974, granting Bailey leave to file an answer within 20 days. When entering that order, this court contemplated that defendants would separately file the proposed answer so that it would appear on the docket entries. We do not agree with Bailey's averment that there was compliance with the court's order.

Should this court permit the unjust result of permitting the default judgment to stand, or should we strike the default judgment and permit Bailey to file the answer? We note that present counsel for Bailey is not the same attorney who filed the prior petition to strike judgment. Should we refuse the relief requested by Bailey because prior counsel failed to read this court's order of November 6, 1974, or inadvertently failed to file the answer as permitted by that order? To refuse the requested relief and let the judgment stand would be to permit form to triumph over substance. We think justice requires us to follow the equitable principle as set out in the maxim "Equity regards as done that which ought to be done."

Fidelity having knowledge of the contents of the proposed answer and the proposed answer already being in the record, we feel compelled to permit Bailey to file the proposed answer so that it will appear in the docket entries.

We therefore enter the following

## ORDER

And now, July 3, 1975, it is hereby ordered:

1. Defendants' petition to strike judgment, stay sheriff's sale and vacate writ of execution, filed on February 13, 1975, is hereby granted, and the rule granted on said petition is hereby made absolute.

2. Defendants are granted leave to file their answer within 20 days of this order.

3. Defendants are to pay any costs incurred by plaintiff in entering the judgment on December 23, 1974, the writ of execution entered thereon, and expenses of scheduling the sheriff's sale thereon.

4. If defendants fail to file their answer within 20 days of the date of this order, this order is revoked.